IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELLE L. JOHNSON                                                              PLAINTIFF

vs.                                        Civil No. 4:13-cv-04084

CAROLYN W. COLVIN                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michelle L. Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her SSI application on September 28, 2009.  (Tr. 10, 221-226). In her application, Plaintiff claims to be disabled due to the following: "Rod in left hip and knee, I have L4 and L5 discs are slipped, and I am diabetic, and a learing [learning] disability, I also have a learning disability."  (Tr. 257).  Plaintiff claims she is unable to work because "my back and leg

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

hurts if I sit for a long period of time." *Id.* Plaintiff alleges an onset date of January 1, 2003.[2] (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 64-65). Thereafter, on June 29, 2010, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 78-79).

Plaintiff's administrative hearing was held on April 18, 2012 in Texarkana, Arkansas. (Tr. 28-57). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Parker[3] testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 32). As for her level of education, she completed the eleventh grade, did not graduate from high school, and did not obtain her GED. (Tr. 33).

On July 2, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 7-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 28, 2009, her application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: status post left hip fracture with early osteoarthritis and mild lumbar degenerative disc disease. (Tr. 12-13, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

---

[2] Plaintiff had a prior application that was dismissed on January 24, 2012 and was not reopened. (Tr. 10). Thus, despite this early alleged onset date, the relevant time period for purposes of this appeal began on January 24, 2012. *Id.*

[3] "Ms. Parker's" first name is not included in the transcript. (Tr. 28).

(Tr. 13-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a wide range of light work. (Tr. 13-18, Finding 4). Specifically, the ALJ found Plaintiff retained the RFC to perform the following:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) [lift/carry 20 pounds occasionally and 10 pounds frequently]. Claimant sit, stand/walk for about 6 hours in an eight-hour workday. Claimant is not limited in pushing or pulling (including the operation of foot and/or hand controls) with the upper and lower extremities. Claimant can occasionally perform all postural activities. Claimant has no manipulative, visual, communicative, or environmental limitations. She does not have a severe mental impairment.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff was unable to perform any of her PRW. (Tr. 19, Finding 5). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). The ALJ relied upon the testimony of the VE at the administrative hearing in this matter to make that determination. *Id.*

Specifically, based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) cashier (light, unskilled) with approximately 1,500 such jobs in Arkansas and 250,000 such jobs in the nation; (2) parking lot attendant (light, unskilled) with approximately 400 such jobs in Arkansas and 190,000 such jobs in the nation; and (3) fast food worker (light, unskilled) with approximately 2,000 such jobs in Arkansas and 160,000 such jobs in the nation. (Tr. 19-20, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, before or after September 28, 2009 through the date of his decision or through July 2, 2012. (Tr. 20, Finding

3

10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 27). On August 15, 2013, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). Thereafter, on September 10, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 10, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in his evaluation of the Listings; (2) the ALJ erred by concluding she retains the RFC to perform

5

light work; (3) the ALJ erred in assessing her subjective complaints; and (4) the ALJ erred by failing to present a "complete hypothetical to the vocational expert." ECF No. 11 at 1-17. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 13-18). Indeed, in this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the fact those allegations were not consistent with the medical evidence. *Id.* Notably, in his opinion, the ALJ provided paragraph after paragraph of statements of the law but, ultimately, his decision to discount Plaintiff's subjective complaints of disabling limitations was based upon his finding that those allegations were not supported by her medical records:

> After reviewing, considering, analyzing and weighing all of the evidence of record, I find that the claimant's medically determinable impairments could produce the alleged symptoms, *but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are neither entirely credible, consistent with, nor supported by the preponderance of the medical and other evidence of record.*

(Tr. 15) (emphasis added).

As for this "other evidence of record," the ALJ did state Plaintiff's subjective complaints were also not consistent with her "conserved daily activities and functioning" and with her "demeanor throughout the record." (Tr. 17-18). The ALJ did not, however, elaborate on either of

these findings or provide which "conserved daily activities and functioning" were inconsistent with her subjective complaints. *Id.* Further, the ALJ did not indicate what "demeanor" Plaintiff had "throughout the record" that was inconsistent with her subjective complaints. *Id.* Accordingly, because the ALJ did not comply with *Polaski*, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount a claimant's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]").

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[5]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of July 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8